# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

---

MAURKES SWARN, Individually,

        Plaintiff,              **CASE NO.**

  v.                        **JURY TRIAL DEMANDED**

RITEWAY BUS SERVICE, INC.

        Defendant.

---

## COMPLAINT

---

## INTRODUCTION

1.     This is an action brought by Plaintiff Maurkes Swarn ("Swarn"), individually, who at all relevant times worked for Riteway Bus Service, Inc. as a school bus driver in the State of Wisconsin and performed maintenance and janitorial work at one of Riteway Bus Service, Inc.'s terminals.

2.     Swarn was employed as a driver and maintenance/janitorial employee by Riteway Bus Service, Inc. ("Riteway") within the three years preceding the filing of this complaint. During that time Riteway has maintained policies and practices that violate the Fair Labor Standards Act of 1938 ("FLSA") and Wisconsin's Wage Payment and Collection Laws ("WWPCL"). These policies and practices include failure to pay Swarn proper overtime rates for hours worked in excess of forty hours in a given workweek.

3.     Riteway's deliberate failure to properly compensate its employee violates federal and state law under the FLSA and the WWPCL.

4.     Riteway is a transportation service that operates under contract with companies and governmental agencies to provide transportation services. Riteway operates in southeastern Wisconsin, primarily in Milwaukee County. Riteway's customers include, but are not limited to Milwaukee Public Schools, Milwaukee Charter Schools, Germantown School District, Brown Deer School District, and Oak Creek-Franklin Joint School District.

5.     Swarn brings this action pursuant to §216(b) of the Fair Labor Standards Act of 1938, as amended, ("FLSA") to obtain relief under the FLSA for unpaid overtime compensation, liquidated damages, interest, injunctive relief, costs, attorneys' fees, and any other relief that the Court deems appropriate.

6.     Swarn also brings this action pursuant to Wisconsin's Wage Payment and Collections Laws ("WWPCL") (Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 103.02 *et seq*., and Wis. Admin. Code § DWD 274.01 *et seq*.) to obtain relief for unpaid overtime compensation, increased wages of 50% of the amount of wages due and unpaid, costs, attorneys' fees, injunctive relief and any other relief that the Court deems appropriate.

## JURISDICTION

7.     This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action is brought under the FLSA, 29 U.S.C. § 201, *et seq*.

8.     This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related in this action within the original jurisdiction established above in paragraph 7, that they form part of the same case or controversy under Article III of the United States Constitution.

2

9.     Venue is appropriate in this district pursuant to 28 U.S.C. § 1391 (b) and (c), because a substantial part of the acts or omissions giving rise to the claims occurred in this district and Defendant Riteway has substantial and systematic contacts in this district.

## PARTIES

10.    Plaintiff Maurkes Swarn is and has been at all times relevant to this complaint an adult resident of the State of Wisconsin. He resides at 6127 West Greenfield Avenue, Unit B, Milwaukee, Wisconsin 53214. He was employed as a driver and as a maintenance/janitorial worker by Riteway from January 2017 to April 2018 and at all relevant times he was an "employee" within the meaning of all applicable statutes.

11.    Defendant Riteway Bus Service, Inc. is a Wisconsin Corporation with a principal office at P.O. Box 398, Germantown, Wisconsin 53022-0398. Its registered agent for service of process is Ronald R. Bast, located at W201N13900 Fond Du Lac Avenue, Richfield, Wisconsin 53076-9669. At all relevant times Riteway was an "employer" within the meaning of all applicable statutes and an enterprise engaged in commerce as defined by § 203(r) and (s) of the FLSA, with an annual gross volume of business of not less than $500,000.

## STATEMENT OF FACTS

12.    Swarn worked for Riteway as a driver and as a maintenance/janitorial employee from January 2017 to April 2018.

13.    Riteway provides transportation services for companies and government agencies and operates in southeastern Wisconsin, primarily in Milwaukee County.

14.     As an employee of Riteway, Swarn was assigned specific routes for operating a school bus in order to pick up, transport, and drop off students in the State of Wisconsin.

15.     As an employee of Riteway, Swarn performed maintenance and janitorial services for Riteway.

### Overtime Violations

16.     Riteway defined the workweek as a seven day period extending from Sunday to Saturday.

17.     Swarn worked in excess of forty hours in numerous workweeks during his employment.

18.     During his employment, Riteway did not compensate Swarn at a rate of not less than one and one half times the weighted average of all non-overtime rates used during a specific workweek for hours worked in excess of forty hours within a given workweek.

19.     Riteway's conduct, as set forth in this complaint, was willful and in bad faith, and has caused financial damage to Swarn.

### FLSA ALLEGATIONS

20.     Swarn brings this action under the FLSA, 29 U.S.C. §216(b), challenging Riteway's practices of failing to compensate him for all hours worked over forty in a given workweek during his employment using the proper blended rate.

21.     Swarn was subject to Riteway's decisions, policies, plans and programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to compensate him for each hour worked, including overtime compensation.

4

22.	Riteway violated § 207 of the FLSA by not paying Swarn's overtime at a rate of not less than one and one half times the weighted average of all non-overtime rates used during a specific workweek  for all hours worked over forty in a given workweek.

23.	For example, during the pay period from August 13 to August 19, 2017, Swarn worked 8.9 hours at a rate of $11.00 per hour, 4 hours at a rate of $7.25 per hour, and 37.8 hours at a rate of $16.37 per hour. Riteway improperly paid him $87.63 for his overtime hours in violation of the FLSA requirement that overtime be paid at a weighted rate when mixed rates are paid to an employee.

24.	Upon information and belief, Riteway failed to use the proper weighted overtime rate on numerous occasions in paying Swarn.

25.	Riteway's violations of the aforementioned statute were willful, repeated, knowing, intentional, and without a good faith basis and significantly financially damaged Swarn.

26.	Accordingly, Riteway is liable to Swarn for the full amount of his unpaid overtime, plus an additional equal amount as liquidated damages, plus costs and attorney's fees.

### Violations of the Fair Labor Standards Act of 1938

27.	At all relevant times, Swarn has been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq*.

28.	Riteway is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1) and at all relevant times Riteway has been an employer within the meaning of 29 U.S.C. § 203(d).

5

29.     At all relevant times Swarn was an employee within the meaning of 29 U.S.C. § 203(e).

30.     At all relevant times, Riteway has or continues to have common policies, programs, practices, procedures, protocols, routines and rules of willfully failing to properly pay Swarn overtime compensation for hours worked in excess of forty in a given workweek.

## INDIVIDUAL WWPCL ALLEGATIONS

31.     Swarn brings his WWPCL claims for violations of Wisconsin law and regulations occurring during his employment.

32.     Riteway violated the WWPCL and related regulations by not properly paying overtime premiums. As a result of Riteway's practices, Riteway is liable to Swarn for the full amount of his unpaid overtime wages, liquidated damages, costs and attorney's fees.

## STATEMENT OF CLAIMS

### FIRST CLAIM FOR RELIEF

### (Failure to Pay Overtime Wages in Violation of 29 U.S.C. § 207)

33.     Swarn reasserts and incorporates by reference all preceding paragraphs as if restated herein.

34.     Riteway's policies, procedures, and practices regarding nonpayment of proper overtime pay violate the FLSA which requires covered employers such as Riteway to pay non-exempt employees, such as Swarn, an overtime rate of not less than one and one half times the weighted average of all non-overtime rates used during a specific workweek for all hours worked over forty in a given workweek. 29 U.S.C. §207(g)(2).

6

35. During his employment, Riteway knew that Swarn worked over forty hours during numerous workweeks but did not pay a proper overtime premium.

36. As a result, Riteway violated the FLSA by failing to pay Swarn the proper overtime premiums for those hours worked in excess of forty in a given workweek.

37. Riteway's conduct constitutes knowing and willful violations of the FLSA and Swarn suffered damages including unpaid overtime premiums.

38. As a result of Riteway's willful violations, Swarn is entitled to recover the total amount of his unpaid overtime compensation, an additional equal amount in liquidated damages and reimbursement of reasonable costs and attorneys' fees under 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF

**(Failure to Pay Overtime Wages in Violation of Wis. Stat. § 103.02 *et seq*. and Wis. Admin. Code § DWD 274.03)**

39. Swarn reasserts and incorporates by reference all preceding paragraphs as if restated herein.

40. Wis. Stat. § 103.02 and Wis. Admin. Code § DWD 274.03 require that an employer pay an employee an overtime rate of not less than one and one half times the regular rate for all hours worked over forty in a given workweek.

41. Riteway knowingly did not pay proper overtime rates to Swarn for hours worked in excess of forty in a given workweek and as a result Riteway violated Wis. Stat. § 103.02 and Wis. Admin. Code § DWD 274.03.

42. Accordingly, Swarn seeks damages under Wis. Stat. §§ 109.11(2)(a) in the amount of their respective unpaid compensation, increased wages up to fifty percent of the

amount of wages due and unpaid, and costs and attorneys' fees to be paid by Riteway under Wisconsin Law.

### THIRD CLAIM FOR RELIEF

**(Failure to Pay Wages Under Wis. Stat. § 109.01 *et seq*.)**

43.     Swarn reasserts and incorporates by reference all preceding paragraphs as if restated herein.

44.     Riteway must pay the full amount of its employee's wages within 31 days of being earned under Wis. Stats. §§ 109.03(1) and 109.01(3).

45.     During his employment, Riteway knowingly did not pay Swarn for the hours worked in excess of forty hours in a given workweek and as a result violated Wis. Stat. § 109.01 *et seq*.

46.     Riteway knowingly did not pay Swarn for all wages within 31 days of being earned and as a result violated Wis. Stat. § 109.01 *et seq*.

47.     Accordingly, Swarn seeks damages under Wis. Stat. §§ 109.11(2)(a) in the amount of his unpaid compensation, increased wages up to fifty percent of the amount of wages due and unpaid, and costs and attorney's fees to be paid by Riteway under Wisconsin Law.

### <u>REQUEST FOR RELIEF</u>

WHEREFORE, Plaintiff Swarn requests the following relief:

a) Pursuant to 28 U.S.C. §§2201-2202, enter a declaratory judgment declaring Riteway's actions as described in this complaint as willful violations of Wisconsin Law and applicable regulations and the FLSA;

b) An Order requiring Riteway to pay damages in the amount of all and unpaid overtime premium wages at applicable rates owed to Swarn under the FLSA and Wisconsin law; including pre- and post-judgment interest;

8

c) Award liquidated damages and penalties as provided under the FLSA and Wisconsin Law;

d) Award costs and attorney's fees incurred prosecuting these claims; and

e) Injunctive relief requiring Riteway to cease and desist from its violations of the FLSA and Wisconsin laws detailed in this complaint;

f) Such further relief as the Court deems just and equitable.


## DEMAND FOR JURY TRIAL

Plaintiff Swarn request a trial by jury pursuant to Fed. R. Civ. P. 38(b).


Dated this 24th day of January, 2019.

<div style="margin-left:40%">

**FIRST, ALBRECHT & BLONDIS, S.C.**
Attorneys for Plaintiff
Respectfully submitted,

/s/ Thomas C. Lenz
Thomas C. Lenz SBN: 1055135
Email: tlenz@fabattorneys.com

/s/ Bryn I. Baker
Bryn I. Baker SBN: 1102534
Email: bbaker@fabattorneys.com


Broadway Theatre Center
158 North Broadway, Suite 600
Milwaukee, WI 53202
Telephone: (414) 271-1972
Facsimile: (414) 271-1511

</div>

9